**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| SADE DECAY, individually and on behalf of persons similarly situated, | CIVIL ACTION NO. |
| **Plaintiff** | **JUDGE** |
| v. | |
| DREAM PROVIDER CARE SERVICES OF LOUISIANA, INC., MICHELE OUBRE, AND TAKIYAH PARQUET, Defendants. | MAGISTRATE JUDGE |

## COLLECTIVE ACTION COMPLAINT AND JURY DEMAND

Plaintiff Sade Decay ("Plaintiff"), individually and on behalf of all other similarly situated current and former employees of Defendant Dream Provider Care Services of Louisiana, Inc. ("Dream Provider"), brings this putative collective action and alleges as follows:

### I. NATURE OF THE ACTION

1.      Plaintiff brings claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* to recover unpaid overtime compensation under § 216(b) or the FLSA.  Plaintiff brings these claims as a collective action on behalf of herself and all current or former home healthcare workers employed by Dream Provider from January 1, 2015 to present.

### II. JURISDICTION

2.      The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 (federal question) and 29 U.S.C. § 216(b) (FLSA).

## III. VENUE

3.      Venue is proper in this Court because a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in this judicial district.  See 28 U.S.C. § 1391(b).

## IV. PARTIES

### Plaintiff and those individuals similarly situated.

4.      Plaintiff is a citizen of the United States, domiciled in the City of Baton Rouge, State of Louisiana, and has been employed by Dream Provider in Louisiana as a home healthcare worker who provided companionship services.

5.      Plaintiff's hours varied from week to week in 2015 and 2016 but she regularly worked more than 40 hours per week.

6.      As an example, for the one-week pay period ending September 3, 2016, Plaintiff was paid $8.00 an hour for 65 hours.  No overtime premium was paid.

7.      Despite her overtime work, Plaintiff was not properly compensated for all overtime hours worked in excess of 40 hours per week for work performed from on or about June 2015 to the present.  Plaintiff Decay consents to sue and be a class representative and will file notice accordingly.

8.      Plaintiff brings this action on behalf of herself and all other similarly situated individuals pursuant to 29 U.S.C. § 216(b).  Plaintiff and the similarly situated individuals were, or are, employed by Dream Provider as home health care workers since January 1, 2015.  As this case proceeds, it is likely that more individuals will join this action as opt-in plaintiffs.

9.     The collective of similarly situated employees sought to be certified under

29 U.S.C. § 216(b) as a collective action is defined as:

> All current or former home healthcare workers employed
> by Dream Provider Care Services of Louisiana, Inc. from
> January 1, 2015 to the present (the "FLSA Collective").

10.     The precise size of the FLSA Collective and the identity of the putative

plaintiffs will be ascertainable from the business records of Defendant and its related and

affiliated entities.

**Defendant Dream Provider Care Services of Louisiana, Inc.**

11.     Defendant Dream Provider is a corporation organized under the laws of

Louisiana with its principal place of business in Baton Rouge, Louisiana.

12.     Dream Provider is and has been an enterprise engaged in commerce or in

the production of goods or services for commerce within the meaning of 29 U.S.C. §

2013(s)(1), and, upon information and belief, Dream Provider has had an annual gross

volume of sales made or business done of not less than $500,000 at all relevant times.

13.     Plaintiff and all those similarly situated were individual employees

engaged in commerce or in the production of goods and services for commerce as

required by 29 U.S.C. § 207.

14.     At all relevant times, Dream Provider is and has been an "employer" of

Plaintiff and the similarly situated individuals within the meaning of the FLSA, 29 U.S.C.

§ 203(d).

**Defendant Michele Oubre**

15.     Defendant Michele Oubre is the President and/or owner of Defendant

Dream Provider, per information on the Louisiana Secretary of State web site,

https://coraweb.sos.la.gov/CommercialSearch/CommercialSearchDetails.aspx?CharterID
=1136499_A22CB5E898.

16.     At all pertinent times herein Defendant Michele Oubre had authority to hire and fire Dream Provider employees, including Plaintiff herein.

17.     At all pertinent times herein Defendant Michele Oubre maintained executive authority over the jobs Dream Provider employees were provided, including the location, duration, and rate-of-pay for those jobs.

**Defendant Takiyah Parquet**

18.     Defendant Takiyah Parquet is the Administrator of Defendant Dream Provider, per information contained on the Louisiana Department of Health's web site, which can be found at http://dhh.louisiana.gov/index.cfm/directory/detail/8254/catid/117.

19.     At all pertinent times herein Defendant Takiyah Parquet had authority to hire and fire Dream Provider employees, including Plaintiff herein. Defendant Takiyah Parquet also had, as Administrator, responsibility for Dream Provider's compliance with federal laws pursuant to contracts the Louisiana Department of Health awarded to Defendant  Dream Provider.

20.     At all pertinent times herein Defendant Takiyah Parquet maintained executive authority over the jobs Dream Provider employees were provided, including the location, duration, and rate-of-pay for those jobs.

**V. FACTUAL ALLEGATIONS**

21.     Dream Provider employed Plaintiff and the FLSA Collective as home health care workers who provided in companionship services for the elderly, ill, or disabled.

22.     Plaintiff's hours varied from week to week in 2015 and 2016, but Defendants suffered and permitted her to regularly work more than 40 hours a week.

23.     Upon information and belief, Defendants suffered and permitted the members of the FLSA Collective to work more than 40 hours a week, and members of the FLSA Collective worked more than 40 hours in certain workweeks.

24.     Neither Plaintiff nor the members of the FLSA Collective were compensated in accordance with the FLSA because they were not paid proper overtime wages for all hours worked in excess of forty hours a week for all weeks worked.  Rather than paying them 1.5 times their regular rate of pay for all hours worked over 40 in a workweek, Dream Provider paid them straight time.

25.     Plaintiff is aware of other current and former employees of Dream Provider who were subject to the same payroll practice.

## VI. COLLECTIVE ACTION ALLEGATIONS

26.     Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

27.     Plaintiff files this action on behalf of herself and all similarly situated individuals.

28.     Pursuant to the FLSA, 29 U.S.C. § 207, employers are generally required to pay overtime compensation at an hourly rate of 1.5 times an employee's regular rate of pay for hours worked over 40 in a workweek.

29.     The FLSA contains an exemption from overtime for "domestic workers" who provide companionship and other services to individuals who are unable to care for

themselves and also contains an exemption for live-in domestic service workers.  29

U.S.C. §§ 213(b)(21) and 213(a)(15).

30.     In October 2014, the United States Department of Labor explained that

these exemptions do not apply to domestic-service workers employed by third-party

agencies or employers.

31.     Beginning on January 1, 2015, the regulations provide that domestic-

service workers employed by third-party agencies or employers are not exempt from the

FLSA's minimum wage and overtime payments.  29 C.F.R. § 552.109(a).

32.     As of January 1, 2015, all domestic-service workers employed by third-

party agencies or employers are entitled to overtime compensation at an hourly rate of 1.5

times the employee's regular rate of pay for hours worked over 40 in a workweek.

33.     Since January 1, 2015, Plaintiff and the FLSA Collective have routinely

worked in excess of 40 hours per workweek without receiving proper overtime

compensation for their overtime hours worked.

34.     As an example, for the one-week pay period ending September 3, 2016,

Plaintiff was paid $8.00 an hour for 65 hours.  No overtime premium was paid.

35.     Defendants have violated and are violating the provisions of the FLSA, 29

U.S.C. §§ 207 and 215(a)(2) by not paying domestic-service workers, like Plaintiff and

the FLSA Collective, overtime as required by law.

36.     Despite the Department of Labor's position that domestic-service workers

employed by third-party agencies or employers are not exempt from the FLSA's

minimum wage and overtime requirements, Defendants maintained its practice of failing

to pay the proper overtime compensation to Plaintiff and the FLSA Collective.

37.     Defendants knowingly, willfully, or in reckless disregard of the law, maintained an illegal practice of failing to pay Plaintiff and the FLSA Collective proper overtime compensation for all hours worked over 40.

## VII.  COUNT ONE

## FAIR LABOR STANDARDS ACT – OVERTIME WAGES

38.     Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

39.     The FLSA, 29 U.S.C. § 207, requires employers to pay non-exempt employees 1.5 times the regular rate of pay for all hours worked over 40 hours per workweek.

40.     Defendants suffered and permitted Plaintiff and the FLSA Collective to routinely work more than 40 hours in a workweek without proper overtime compensation as required by the FLSA, 29 U.S.C. § 201 *et seq.* and its implementing regulations.

41.     Defendants knew, or showed reckless disregard for the fact that they failed to pay these individuals proper overtime compensation in violation of the FLSA.

42.     Defendants' failure to comply with the FLSA overtime protections caused Plaintiff and the FLSA Collective to suffer loss of wages and interest thereon.

43.     Plaintiff and the FLSA Collective are entitled to unpaid overtime, liquidated damages, and attorney's fees and costs under the FLSA.

## VIII. JURY DEMAND

44.     Plaintiff demands a trial by jury of all issues in this action that may be tried by jury.

## IX. PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays for judgment against Defendants as follows:

a.      Permitting this case to proceed as a collective action under § 216(b) of the FLSA and ordering notice to the putative plaintiffs at the earliest opportunity to ensure their claims are not lost to the FLSA statute of limitations;

b.      Judgment that Plaintiff and those similarly situated are entitled to the overtime protections of the FLSA;

c.      Judgment against Defendants for violation of the overtime provisions of the FLSA;

d.      Judgment that Defendants' violations of the FLSA are willful;

e.      An award to Plaintiff and those similarly situated in the amount of unpaid overtime wages and liquidated damages;

f.      An award of prejudgment interest (to the extent liquidated damages are not awarded);

g.      An award of reasonable attorney's fees and costs;

h.      Leave to add additional plaintiffs and/or state law claims by motion, the filing of written consent forms, or any other method approved by the Court; and

i.      For such further relief as may be necessary and appropriate.

Respectfully submitted,


*/s/ Robert B. Landry III*
Robert B. Landry III  (#18998)
rlandry@landryfirm.com
**ROBERT B. LANDRY III, PLC**
5420 Corporate Boulevard, Suite 204
Baton Rouge, Louisiana  70808
Telephone:     (225) 349-7460
Facsimile:     (225) 349-7466

**COUNSEL FOR PLAINTIFF**